## CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Nellie M. Dowdy

    v.

Commonwealth of Virginia et al.

September 25, 2009

Case No. CL 09-49

BY JUDGE PAUL M. PEATROSS, JR.

The Court heard evidence and argument on the Defendant Lauren M. Breeden's Plea in Bar on the basis of Sovereign Immunity on September 9, 2009. The Court took the matter under advisement to consult the legal authorities cited.

*Factual Findings*

Richard Hooper, Medical Center Manager of the Diagnostic Radiology Department at the University of Virginia Medical Center, testified he oversees a staff of sixty, who perform diagnostic testing. Lauren M. Breeden was hired on May 21, 2007, as a radiologic technologist, subject to a six-month probationary and training period. A radiologist takes x-rays of patients on the order of a physician.

Upon being hired, the new employee was assigned a supervisor and was given a Orientation Competency Assessment and Evaluation Form, which was introduced as Defendant's Exhibit # 1. On that form are certain skills the employee must demonstrate to the supervisor after training during the probationary period. Mr. Hooper stated that the training program required a supervisor due to the inexperience of the new employee, that the Medical Center needed to train and maintain specialists to perform x-rays on doctors orders, and his Center needed to control the supervision to assure proper training and care.

Regarding training in taking x-rays post surgery, the form indicated that Lauren M. Breeden did not have training in surgery until June 20, 2007, under the supervision of Wendy Figgatt.

Lauren M. Breeden testified that she was a Radiology Technologist who graduated from Blue Ridge Community College with a certification as a Radiologic Technologist. Her first job was at the Medical Center beginning May 21, 2007. Her first day of attempted surgery training was on June 18, 2007, when she was under the supervision of Kathy Pierpont. Lauren was instructed to go to the Post Anesthesia Care Unit with Kathy Pierpont to take two post-operative x-rays of Plaintiff, Nellie M. Dowdy. The two x-rays ordered were an AP pelvis x-ray and a cross lateral hip x-ray. Lauren had never done x-rays post-operative by herself. Kathy and Lauren performed the first x-ray together. Before the second x-ray (cross lateral hip) could be performed, Ms. Pierpont was called to the Operating Room. She handed Ms. Breeden a white hard plastic board (approximately 2 feet by 2 feet) and told her to place the board under the Plaintiff, Ms. Dowdy, and take the second x-ray. Kathy Pierpont then left the room. Lauren Breeden had never been trained to use such a board such as where or how to place it and how to remove it. She did not know where Kathy Pierpont obtained the board. After placing the board under the patient, she took the x-ray and went to develop the films without removing the board. Kathy Pierpont never returned to where Lauren and the Plaintiff were located.

Lauren M. Breeden is employed by the Medical Center on a salary, is not paid by the patients, and has no choice to choose patients she x-rays.

*Issue Presented*

Is Lauren M. Breeden entitled to sovereign immunity from any alleged negligence on her part under the four-part test enumerated in *James v. Jane*, 221 Va. 43 (1980), to determine when employees are immune?

*Legal Authority and Analysis*

As the Supreme Court of Virginia has noted, individual claims of sovereign immunity are to be considered by considering the following factors:

(1) The nature of the function performed by the employee;
(2) The extent of the state's interest and involvement in the function;

   (3) The degree of control and direction exercised by the state over the employee;
   (4) Whether the act complained of involved the use of judgment and discretion.

*Messina v. Burden*, 228 Va. 301, 313 (1984), citing *James, supra.*

  Addressing the first factor, the nature of Lauren M. Breeden's job was to be trained over a six-month probation period to learn x-ray procedures. She was being supervised in that training and had no independent ability to function on her own. Ms. Breeden was not acting as an independent Radiologic Technologist and was not using prior learned knowledge to perform the job. The focus was on education and training, not patient care. She had to learn the procedures before she could perform them on her own, even knowing how to remove a board under a patient with recent surgery so as to not injure or harm the patient.

  As to the second factor, the State's interest in her function was to educate its employee so that proper treatment could be rendered and doctors' orders are followed. According to the Defendant's Exhibit # 1, Ms. Breeden had to be competent to perform the skills enumerated and had to complete the probationary period successfully. The State was administering the training when the event in question occurred on June 18, 2007, but before she had received the instruction for the surgery radiology training.

  The third factor evaluates the degree of control and direction by the State over the employee. Ms. Breeden was paid by the Medical Center, had no right to choose patients, had no contractual rights with patients, and had to be supervised in all activity during the probationary period. The equipment she used was provided by the State, and she had to follow state rules of procedure.

  The last factor is whether the act complained of involved the use of judgment and discretion. The act alleged to be negligent was the failure of Ms. Breeden to remove the board from beneath the Plaintiff, which was used to make sure the patient was level when the lateral hip x-ray was taken according to the testimony on September 9, 2009. Plaintiff argues this act was strictly ministerial like the opening or shutting of a door.

  In *James, supra*, the Supreme Court noted: "Whether the act performed involves the use of judgment and discretion is a consideration, but it is not always determinative. Virtually every act performed by a person involves the exercise of some discretion. Of equal importance is the degree of control and direction exercised by the state over the employee whose negligence is involved." *Id.* at page 53.

*Black's Law Dictionary* (Seventh Ed.) defines "ministerial" as: "Of or relating to an act that involves obedience to instruction or laws instead of discretion, judgment, or skill <the court clerk's ministerial duties include recording judgments on the docket>."

Lauren Breeden was instructed to use the board by her supervisor, Kathy Pierpont, in taking the lateral hip x-ray, but was not told how or where to place the board or how to remove it from under a patient just out of surgery.

## Conclusion

The requirements of the first, second, and third factors have been met. The issue in the Court's opinion is the fourth factor. Was it ministerial as defined or did it involve judgment and discretion? If Lauren M. Breeden had been shown the procedure in using the board to stabilize the patient, it may have been a purely ministerial act of following instructions or established procedures. At the time of the event in question, she had received no instruction and had not observed anyone use the board as a part of her training. Therefore, the Court concludes she had to exercise judgment and discretion in inserting the board under the patient and removing it so as to not harm the patient. Thus, the fourth factor has been met and the Plea in Bar is sustained.